**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.A. and D.A.**

**No. 21-0633** (Hampshire County 20-JA-85 and 20-JA-86)

## MEMORANDUM DECISION

Petitioner Mother A.B., by counsel Lauren M. Wilson, appeals the Circuit Court of Hampshire County's April 9, 2021, order terminating her parental rights to R.A. and D.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Joyce E. Stewart, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and her parental rights instead of employing a less-restrictive alternative disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the father alleging that, at the time of D.A.'s birth, petitioner tested positive for fentanyl, amphetamines, and benzodiazepines, and the hospital reported concerns that petitioner was actively using drugs during her hospital stay. The DHHR alleged that the child tested positive for fentanyl, amphetamines, and benzodiazepines and was given morphine and clonidine to help with opiate withdrawal. The DHHR further alleged that a Child Protective Services ("CPS") worker conducted a home visit and that petitioner and the father reported attending a medically-assisted treatment program but denied abusing drugs.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Later that month, the circuit court held a preliminary hearing wherein petitioner waived her right to contest the evidence. Petitioner admitted that if she were to submit to a drug screen, she would test positive for methamphetamine, fentanyl, and prescribed buprenorphine. The circuit court granted petitioner and the father visits with the children contingent upon clean drug screens.

In October of 2020, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations of abuse contained in the petition. Specifically, petitioner stipulated to pervasive drug use which "had a negative impact on the children." The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period.

The circuit court held a status hearing in January of 2021. A CPS worker testified that petitioner relapsed on methamphetamine and fentanyl in December of 2020 and that visits with the children were suspended as a result. The circuit court admonished petitioner and ordered that visits could resume if petitioner submitted negative drug screens for two consecutive weeks. Subsequently, the DHHR filed a motion to terminate petitioner's improvement period due to her continued drug use, and the circuit court held a hearing on the motion in February of 2021. A service provider testified that petitioner tested positive for methamphetamine and fentanyl in December of 2020. Further, petitioner tested positive for drugs at least one time in January of 2021 and failed to submit to screens on other occasions. A CPS worker testified that petitioner failed to maintain employment throughout the proceedings, continued to test positive for drugs, and concealed her drug dealer's identity.

Following the presentation of evidence, the circuit court found that petitioner failed to fully participate in her improvement period and was "absolutely unmotivated to do anything in this case." The circuit court found that petitioner failed to avail herself of the services offered by the DHHR and continued to test positive for drugs. The circuit court terminated petitioner's improvement period and set the matter for disposition; however, the circuit court ordered that all services and drug testing remain in place through the dispositional hearing.

On March 29, 2021, the circuit court held a dispositional hearing and took judicial notice of the testimony presented at prior hearings. Petitioner failed to appear at the hearing but was represented by counsel. A service provider testified that, since the last hearing, petitioner continued to test positive for drugs, including fentanyl, methamphetamine, and a cocaine metabolite at screens in February of 2021. Additionally, earlier in March of 2021, petitioner's drug screen was positive for morphine, fentanyl, and a cocaine metabolite. However, petitioner ceased submitting to screens after March 9, 2021.

A CPS worker testified that the DHHR recommended termination of petitioner's parental rights. The CPS worker expressed that there were significant safety concerns with the amount and type of drugs petitioner continued to use and noted that she failed to avail herself of services. The CPS worker admitted that petitioner had attended a detoxification program but stated that she continued to test positive for drugs following her completion of the program. The CPS worker further stated that, due to petitioner's continued drug use, her visits with the children were

suspended. Although petitioner attended some parenting and adult life skills classes, she was not receptive to the content being taught and did not finish the program.

At the close of the hearing, the circuit court found that "really the only consistency in this case by the parents has been that they continue to test positive through basically to date [for] such substances as fentanyl, cocaine, heroin, and meth[amphetamine], among other things." The circuit court found that petitioner was playing a "deadly game" and had abandoned the case, given her failure to appear at the hearing or maintain contact with her counsel. The circuit court found that petitioner's drug use was so severe that it precluded her from participating in the proceedings or availing herself of services. The circuit court noted that, while petitioner attended parenting and adult life skills classes, it had "absolutely no positive effect" on her. Ultimately, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals the circuit court's April 9, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her improvement period and in terminating her parental rights without considering a less-restrictive alternative disposition. According to petitioner, she was fully participating in services, obtained employment, attended visits with the children, and submitted negative drug screens for a significant portion of the proceedings. She admits that she relapsed on drugs in December of 2020 and that she briefly complied with services thereafter, but that subsequently "the wheels seemed to fall off." Petitioner contends that drug addiction recovery is not simply "an arrow pointed straight up" and that by prematurely terminating her improvement period the court deprived her of services that would have assisted her in attaining sobriety. Petitioner argues that she demonstrated the ability to refrain from abusing drugs and that, instead of terminating her parental rights, the circuit court could have

_____

[2]The father's parental rights to the children were also terminated below. The permanency plan for those children is adoption by a family member.

3

referred the children and the family to a community agency for needed assistance and dismissed the petition under West Virginia Code § 49-4-604(c)(2) or could have returned the children to her home under supervision pursuant to West Virginia Code § 49-4-604(c)(3). Alternatively, petitioner contends that a guardianship would have been an appropriate alternative given that the children were placed with a relative.

Pursuant to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Additionally, this Court has held that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991).

Here, the record overwhelmingly supports the circuit court's findings related to petitioner's failure to fully participate in her improvement period and her ultimate failure to successfully complete the same. Petitioner failed to fully comply with any aspect of her improvement period. She continued to test positive for drugs even after the circuit court warned her that her continued drug use would result in the termination of her improvement period. Importantly, petitioner's drug use resulted in her inability to visit with the children. This Court has "previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Further, petitioner failed to maintain consistent employment and failed to meaningfully participate in parenting and adult life skills classes. Accordingly, we find no error in the circuit court's termination of petitioner's improvement period as it is clear that she failed to fully comply with the terms and conditions of the same.

The evidence, as set forth above, likewise supports the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect on her own or with help. As noted above, petitioner was provided an

improvement period with services, including parenting and adult life skills classes and a drug rehabilitation program. However, petitioner failed to meaningfully comply with services, she continued to test positive for a variety of extremely dangerous drugs, she failed to appear at her dispositional hearing, and she failed to maintain contact with her counsel. Contrary to petitioner's argument that a less-restrictive alternative to the termination of her parental rights should have been considered, the facts are sufficient to support the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that she should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner was unable to resolve the problems of abuse or neglect on her own or with the assistance of the DHHR and its service providers. Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 9, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton